FILED
MAR 29 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA PENKUL,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF EDUCATION,<br><br>    Defendant. | Civil Action No. 19-703<br><br>Chief Judge Beryl A. Howell |

## ORDER

Pending before the Court is plaintiff Linda Penkul's *pro se* Motion to Seal, which seeks that her entire "case be sealed." Pl.'s Mot. to Seal ("Pl.'s Mot.") at 1; *see* LCvR 40.7(f) (stating that the Chief Judge shall "hear and determine . . . motions in any case not already assigned" including "motion[s] to seal the complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court."). The plaintiff's motion is denied.

### I.   LEGAL STANDARD

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). Courts should consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether that presumption may be overcome, including:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure,

1

and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)). In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *Metlife, Inc.*, 865 F.3d at 666.

## II. DISCUSSION

The plaintiff indicates that she is "the great niece of Ulysses S. Grant" and that her "educational goals include possibly running for office in the future." Pl.'s Mot. at 1. The plaintiff's instant action seeks to compel the U.S. Department of Education's Federal Student Aid office "to publicize on the[] Federal Student Aid Website[] the actual facts relating to [her] 2 legal degrees and her work-in-progress" in a training program. Compl. at 1. She requests that her case be sealed so that she "can continue [her] studies in peace recognizing [her] educational records['] authenticity," Pl.'s Mot. at 2, and expresses a desire to "maintain anonymity[] so that [she] can complete and receive fair educational opportunities based upon [her] skill and expertise without privilege," *id.* at 1 . She also alludes to "political opposition [she experienced] in the past." *Id.* She does not wish for her educational records to be sealed. Compl. at 3.

At this stage, this Court is not persuaded that the plaintiff has met her burden of showing that her privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation such that her entire case should be filed under seal. The instant Complaint seeks to correct educational records, which the plaintiff herself acknowledges are and should remain public, *see id.* at 3. That fact alone, under the *Hubbard* analysis, which considers

the need for public access to documents and the extent of previous access to such documents, *see Metlife, Inc.*, 865 F.3d at 665, suggests that sealing is not warranted in this case. Yet nowhere does the plaintiff address those or other relevant *Hubbard* factors, or attempt to explain how her status as Ulysses S. Grant's great niece, combined with any public access to the instant Complaint, would affect her ability to study in peace or to "complete and receive fair educational opportunities based upon [her] skill and expertise without privilege." Pl.'s Mot. at 1.

Although the plaintiff does not frame her request as one to file under a pseudonym, but rather as a request to seal the entire case, the Court considers whether she has demonstrated a need to proceed with her instant Complaint anonymously. She has not. Plaintiffs are at times permitted to file under a pseudonym in order to preserve privacy in a matter of a sensitive and highly personal nature, *see Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008), but this is a "rare dispensation," *see United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). A plaintiff seeking to file anonymously must provide justification beyond a desire "merely to avoid the annoyance and criticism that may attend any litigation." *Doe v. Teti*, Misc. No. 15-01380, 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015). The plaintiff's Complaint, seeking the correction of public educational records, does not constitute a matter of such a sensitive and highly personal nature that use of a pseudonym is warranted.

Whether considered as a motion to seal or to file under a pseudonym, the Court surmises that the plaintiff's allusions to "political opposition" and a desire to maintain anonymity in order to forego any "privilege" are meant to imply that as the great niece of a former President, the plaintiff has reputational and privacy concerns that exceed those of other plaintiffs. *See* Pl.'s Mot. at 1. Yet these nebulous privacy interests, which are not explained in any detail or with

3

reference to the relevant *Hubbard* factors, are not, without more, sufficient to outweigh the public's interest in knowing the identity of litigants and the details of litigation. Instead, the rare dispensation of proceeding under a pseudonym is generally reserved for cases in which a plaintiff fears "a risk of retaliatory physical or mental harm," *see Teti*, 2015 WL 6689862, at *2, rather than mere reputational or economic harm, particularly where such harm is speculative and unsubstantiated, *see, e.g., Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014); *John Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9, 22–23 (D.D.C. 2016); *Chao*, 587 F. Supp. 2d at 99–100; *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005).

## III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Seal is **DENIED**; and it is further

**ORDERED** that the Clerk is directed not to file the plaintiff's Complaint until the plaintiff submits notice that the motion to seal is withdrawn and the plaintiff seeks to proceed with filing the Complaint on the public docket; and it is further

**ORDERED** that the Clerk is directed to provide this Order to the plaintiff at the address indicated on the plaintiff's motion to seal.

**SO ORDERED.**

Date: March 29, 2019

BERYL A. HOWELL
Chief Judge