

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDA MARIE PENKUL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:19-cv-00703 (UNA) |
| | ) |
| DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed her complaint in this matter on March 11, 2019, along with an accompanying motion for leave to proceed *in forma pauperis* ("IFP"), and motion to seal case. On March 29, 2019, the Court denied plaintiff's motion to seal case, instructing plaintiff to indicate her intention to proceed with filing on the public docket. On April 4, 2019, plaintiff expressed such intent, filing a motion to withdraw her motion to seal case, which will be granted. The Court also grants plaintiff's motion to proceed IFP and will now turn to the complaint. Plaintiff's complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and will be dismissed. She has also filed a separate motion to request formal establishment of factual publication (also contained within the complaint), which will be denied as moot.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d

661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff sues the Department of Education. She does not provide an actual written complaint, instead, she provides sparse template information and relies on her motion to request formal establishment of factual publication, as well as a litany of exhibits. Plaintiff alleges "professional negligence and educational malpractice." However, she does not seek monetary damages or make allegations under the Federal Tort Claims Act, 28 U.S.C. § 1346, rather, she requests as relief, "credibility [and] accuracy of information." Plaintiff alleges that the information regarding her educational history is documented incorrectly on the Federal Student Aid website. She seems to equate this alleged misinformation to a potential existing political conspiracy, personal to her.

The crux of this matter appears to be plaintiff's intentions to have her information corrected on the website. Nonetheless, plaintiff fails to make out any potentially relevant cause of action with any supporting facts relating thereto. For instance, she neither alleges that she has made any requests pursuant to the Privacy Act, 5 U.S.C. § 552a, nor does she identify any formal or specific agency decision that she may seek to appeal under the Administrative Procedures Act, 5 U.S.C. ch. 5, subch. I § 500, *et seq.*

The instant complaint, as currently pled, lacks discernible claims, and fails to establish a jurisdictional basis, and thus will be dismissed without prejudice. Plaintiff's motion to request

formal establishment of factual publication is denied as moot. Should plaintiff elect to file anew, the Court expects all deficiencies to be remedied. An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date: April 25, 2019