APPEAL,CLOSED,PROSE−NP,TYPE−F

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:19−cv−00703−UNA</u>

PENKUL v. DEPARTMENT OF EDUCATION
Assigned to: Unassigned
Cause: 42:1983 Civil Rights Act

Date Filed: 03/11/2019
Date Terminated: 04/26/2019
Jury Demand: None
Nature of Suit: 899 Administrative
Procedure Act/Review or Appeal of
Agency Decision
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**LINDA MARIE PENKUL**

represented by **LINDA MARIE PENKUL**
38 New Bridge Rd.
Lebanon, ME 04027
PRO SE

V.

**<u>Defendant</u>**

**DEPARTMENT OF EDUCATION**
*Federal Student Aid*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/11/2019 | | | **Initiating Pleading & IFP Application Received on 03/11/2019.** A copy of the docket sheet has been mailed to the address of record for the pro se party. (zsb) (Entered: 03/20/2019) |
| 03/11/2019 | <u>1</u> | | COMPLAINT against DEPARTMENT OF EDUCATION filed by LINDA MARIE PENKUL. (Attachments: # <u>1</u> Civil Cover Sheet, # <u>2</u> Summons, # <u>3</u> Exhibit)(zsb) (Entered: 03/20/2019) |
| 03/11/2019 | <u>2</u> | | MOTION for Leave to Proceed in forma pauperis by LINDA MARIE PENKUL (zsb) (Entered: 03/20/2019) |
| 03/11/2019 | <u>3</u> | | MOTION to Seal Case by LINDA MARIE PENKUL (zsb) (Entered: 04/01/2019) |
| 03/11/2019 | <u>4</u> | | MOTION to Request Formal Establishment of Factual Publication by LINDA MARIE PENKUL (zsb) (Entered: 04/01/2019) |
| 03/29/2019 | <u>5</u> | | ORDER denying <u>3</u> Motion to Seal Case. Signed by Chief Judge Beryl A. Howell on 03/29/2019. Pro Se party has been notified by first class mail.(zsb) (Entered: 04/01/2019) |
| 04/05/2019 | <u>6</u> | | MOTION to Withdraw <u>3</u> MOTION to Seal Case by LINDA MARIE PENKUL (zrdj) (Entered: 04/09/2019) |

| 04/22/2019 | 7 | | AFFIDAVIT of Mailing by LINDA MARIE PENKUL. (zrdj) (Entered: 04/26/2019) |
|---|---|---|---|
| 04/26/2019 | 8 | 22 | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 4/25/2019. Pro Se party has been notified by first class mail.(zrdj) (Entered: 04/30/2019) |
| 04/26/2019 | 9 | 21 | ORDER DISMISSING PRO SE CASE WITHOUT PREJUDICE. Ordered that the 2 application of the plaintiff to proceed in forma pauperis is granted, the motion to withdraw motion to seal case 5 is GRANTED and that plaintiff's motion to request formal establishment of factual publication 4 is DENIED as moot. This is a final appealable Order. Pro Se party has been notified by first class mail. Signed by Judge Emmet G. Sullivan on 4/25/2019.(zrdj) (Entered: 04/30/2019) |
| 04/26/2019 | | | ***Case Unsealed − 3 withdrawn see 9 Order (zrdj) (Entered: 04/30/2019) |
| 05/20/2019 | 10 | 3 | NOTICE OF APPEAL as to 9 Order Dismissing Pro Se Case, 8 Memorandum & Opinion by LINDA MARIE PENKUL. Fee Status: IFP. Parties have been notified. (zrdj) (Entered: 05/22/2019) |

Court of Federal Claims Washington DC

Linda Penkul v. Department of Education   Docket No.1:19-cv-00703 (UNA)

Linda Penkul

           Plaintiff

v.

The U.S. Department of Education

           Defendant

RECEIVED
Mail Room

MAY 2 0 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## Complaint Appeal

Facts of the Case

On May 4th 2019, I Linda Penkul, the Plaintiff requested an Appeal Dismissing my case. The basis for the antagonism occurring is a result of multiple state sponsored smear campaigns attempting to discredit the plaintiff's educational accomplishments and her family's political reputation.

There are two other cases related to this case and another case in the Court of Federal Claims; Linda Penkul v. Social Security; 2:19-cv-00036 DHB initiated by the Social Security Administration on September 11th 2018. The other is a U.S. Supreme Court Case in the genre of Property Tax Abatement MESJC Yor-15-26 that had gone missing in 2016 while I Linda Penkul, the Plaintiff was injured.

In this case the state sponsored smear campaign began when IRS tax records for the years coinciding with the Plaintiffs education 2015, 2016 and 2017 went missing. The Plaintiff had to replace these tax returns before returning to school in 2018

Court of Federal Claims Washington DC
Linda Penkul v. Department of Education   Docket No.1:19-cv-00703 (UNA)

through 2019. Since then, the Department of Education has

refused to acknowledge the Plaintiffs official transcripts.

During the litigations I Linda Penkul, the plaintiff came

across my grandfather's death certificate while looking for

genealogy references. I have asked a genealogist at the U.S.

National Archives to formally certify my great uncle Ulysses S.

Grant's genealogy references to my family heritage. From there I

will be able to trace backward to the rest of my family's

heritage that includes The Roosevelts, and the Adams from the

era of the founding fathers; John Adams Abigail Adams etc. I

noticed the signature on the bottom of my recently deceased ex-

husband was the same as my grandfather's name, so I looked up

the signing officials name to no avail. There is no such person.

I consider this signature to be a threat to whomever is holding

the matching death certificate. That person would ne me. The

District court in Maryland has sent these death certificate

documents back to me twice. I am assuming they are afraid to

file them with the paperwork.

Relief requested

Please make a determination as to whether this is a

criminal matter or a civil matter. I will need for the

department of education to recognize my education and reflect

that official record in the formal educational recordation as it

will affect my ability to repay my school loans and to receive

Court of Federal Claims Washington DC
Linda Penkul v. Department of Education   Docket No.1:19-cv-00703
(UNA)
further financial aid for my extending educational goals

continuing through and until 2023. State sponsored smear

campaigns are unlawful. Please impose punitive relief.

Discretion as to the amount can be as basic as the court

chooses. I have not been taught in school as to how to ask for

damages. I am a sociological and ethical legal professional who

works with the larger social order creating strategies and

formulas for social change using leadership planning and

implementations. I trust the Justice's decision.

I certify under the pains and penalties of perjury that I

have served a copy of this appeal upon the other parties on

5/14/2019 by certified U.S. postal Mail.


Sincerely and Respectfully,

Linda Penkul BA M.Sc. U.S. HMSC CERT(PCP)
38 New Bridge Rd.
Lebanon Maine 04027

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

APR 26 2019

Clerk, U.S. District & Bankruptc
Courts for the District of Columt

LINDA MARIE PENKUL,                       )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )         Civil Action No.: 1:19-cv-00703 (UNA)
                                          )
DEPARTMENT OF EDUCATION,                  )
                                          )
                    Defendant.            )

RECEIVED
Mail Room

MAY 20 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, filed her complaint in this matter on March 11, 2019, along with an accompanying motion for leave to proceed *in forma pauperis* ("IFP"), and motion to seal case. On March 29, 2019, the Court denied plaintiff's motion to seal case, instructing plaintiff to indicate her intention to proceed with filing on the public docket. On April 4, 2019, plaintiff expressed such intent, filing a motion to withdraw her motion to seal case, which will be granted. The Court also grants plaintiff's motion to proceed IFP and will now turn to the complaint. Plaintiff's complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and will be dismissed. She has also filed a separate motion to request formal establishment of factual publication (also contained within the complaint), which will be denied as moot.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d

1

661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff sues the Department of Education. She does not provide an actual written complaint, instead, she provides sparse template information and relies on her motion to request formal establishment of factual publication, as well as a litany of exhibits. Plaintiff alleges "professional negligence and educational malpractice." However, she does not seek monetary damages or make allegations under the Federal Tort Claims Act, 28 U.S.C. § 1346, rather, she requests as relief, "credibility [and] accuracy of information." Plaintiff alleges that the information regarding her educational history is documented incorrectly on the Federal Student Aid website. She seems to equate this alleged misinformation to a potential existing political conspiracy, personal to her.

The crux of this matter appears to be plaintiff's intentions to have her information corrected on the website. Nonetheless, plaintiff fails to make out any potentially relevant cause of action with any supporting facts relating thereto. For instance, she neither alleges that she has made any requests pursuant to the Privacy Act, 5 U.S.C. § 552a, nor does she identify any formal or specific agency decision that she may seek to appeal under the Administrative Procedures Act, 5 U.S.C. ch. 5, subch. I § 500, *et seq.*

The instant complaint, as currently pled, lacks discernible claims, and fails to establish a jurisdictional basis, and thus will be dismissed without prejudice. Plaintiff's motion to request

2

formal establishment of factual publication is denied as moot. Should plaintiff elect to file anew, the Court expects all deficiencies to be remedied. An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date:    April 25, 2019

3

formal establishment of factual publication is denied as moot. Should plaintiff elect to file anew, the Court expects all deficiencies to be remedied. An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date:   April _____, 2019

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 2 6 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

LINDA MARIE PENKUL,        )
                           )
            Plaintiff,     )
                           )
    v.                     )        Civil Action No.: 1:19-cv-00703 (UNA)
                           )
DEPARTMENT OF EDUCATION,   )
                           )
            Defendant.     )

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiff's motion to withdraw motion to seal case [5] is **GRANTED**, and it is further

**ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [2] is **GRANTED**, and it is further

**ORDERED** that the complaint [1] and this civil action are **DISMISSED** without prejudice, and it is further

**ORDERED** that plaintiff's motion to request formal establishment of factual publication [4] is **DENIED** as moot.

This is a final appealable Order. *See* Fed. R. App. P. 4(a).

**SO ORDERED.**

_____
United States District Judge

Date: April____, 2019

4

CLOSED,PROSE-NP,TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:19-cv-00703-UNA

PENKUL v. DEPARTMENT OF EDUCATION
Assigned to: Unassigned
Cause: 42:1983 Civil Rights Act

Date Filed: 03/11/2019
Date Terminated: 04/26/2019
Jury Demand: None
Nature of Suit: 899 Administrative
Procedure Act/Review or Appeal of
Agency Decision
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**LINDA MARIE PENKUL**

represented by **LINDA MARIE PENKUL**
38 New Bridge Rd.
Lebanon, ME 04027
PRO SE

V.

**Defendant**

**DEPARTMENT OF EDUCATION**
*Federal Student Aid*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2019 | | **Initiating Pleading & IFP Application Received on 03/11/2019.** A copy of the docket sheet has been mailed to the address of record for the pro se party. (zsb) (Entered: 03/20/2019) |
| 03/11/2019 | 1 | COMPLAINT against DEPARTMENT OF EDUCATION filed by LINDA MARIE PENKUL. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Exhibit)(zsb) (Entered: 03/20/2019) |
| 03/11/2019 | 2 | MOTION for Leave to Proceed in forma pauperis by LINDA MARIE PENKUL (zsb) (Entered: 03/20/2019) |
| 03/11/2019 | 3 | MOTION to Seal Case by LINDA MARIE PENKUL (zsb) (Entered: 04/01/2019) |
| 03/11/2019 | 4 | MOTION to Request Formal Establishment of Factual Publication by LINDA MARIE PENKUL (zsb) (Entered: 04/01/2019) |
| 03/29/2019 | 5 | ORDER denying 3 Motion to Seal Case. Signed by Chief Judge Beryl A. Howell on 03/29/2019. Pro Se party has been notified by first class mail.(zsb) (Entered: 04/01/2019) |

| 04/05/2019 | 6 | MOTION to Withdraw 3 MOTION to Seal Case by LINDA MARIE PENKUL (zrdj) (Entered: 04/09/2019) |
|---|---|---|
| 04/22/2019 | 7 | AFFIDAVIT of Mailing by LINDA MARIE PENKUL. (zrdj) (Entered: 04/26/2019) |
| 04/26/2019 | 8 | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 4/25/2019. Pro Se party has been notified by first class mail.(zrdj) (Entered: 04/30/2019) |
| 04/26/2019 | 9 | ORDER DISMISSING PRO SE CASE WITHOUT PREJUDICE. Ordered that the 2 application of the plaintiff to proceed in forma pauperis granted, the motion to withdraw motion to seal case 5 is GRANTED and that plaintiff's motion to request formal establishment of factual publication 4 is DENIED as moot. This is a final appealable Order. Pro Se party has been notified by first class mail. Signed by Judge Emmet G. Sullivan on 4/25/2019.(zrdj) (Entered: 04/30/2019) |
| 04/26/2019 | | ***Case Unsealed - 3 withdrawn see 9 Order (zrdj) (Entered: 04/30/2019) |

5/4/2019

RECEIVED
Mail Room

MAY 2 0 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

To whom it may concern,

The United States District Court for the District of Columbia,

    I am in receipt of the Memorandum Opinion and Order Dismissing Civil Action No.: 1:19-cv-00703 on 5/4/2019. I would like to file an Appeal at this time. Could you please provide me with the address and contact information for the appeals court?

    The appeal will be based upon facts in the official educational transcripts provided to the court where the plaintiff, Linda Penkul, (me) asks for relief in the form or an amended educational record. The email evidence provided clearly states the department of education has no intention of correcting the errors. The affected College verification indicates the information was reported correctly. The Federal Student Aid refuses to recognize the College's report.

    Ombudsman's services at the U.S. Department of Education have not produced a positive factual result. Mediation on several occasions did not produce a factual reproduction of the transcript information   It is not required by law that a relief Order contain or demand a financial award. However, if the court requires a financial awards request, I can consult with an attorney as to how much money the court may want to award. I will do so in my appeal if it is a necessary step in the acquisition process.

    In my Appeal, I will detail the manner in which my educational records were altered and how my coinciding tax returns were also deleted to ensure I could not prove my attendance in school during the years altered by the education department. Since the court has refused to seal my case at my objection becaeu the court feels the result is in the best interest the public. I challenge the court to posit why as the motion to deny does not consider my heritage as relevant to seeking a unbiased education as myself, only as a pseudonym. The refusal to seal further does

RECEIVED
Mail Room

MAY 9 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1 | P a g e

not consider my fellow country men and women who study with me and who may not

comfortable speaking out against my ideologies because of my heritage.

      I consider the death of my ex-husband and my grandfather to be connected politically.

The connective names on their death certificates and the dates of death, strongly suggest political

motivation.  I will also ask the appeals court to look at criminal potential.

      Finally, I cannot read the judges signature name on the bottom of the Order or the

Opinion. It is not typed below the hand-written signature. Could you please provide clarity and

the full name of the awarding justice, so I may send that information to the Appeals court? It has

been my experience over the past thirty years that a court may not dismiss a case based upon

small technical procedural issues. The lower court fails to seek justice or litigates its possibilities.

It further does not offer any judicial alternatives within the acquisition of justice, only procedural

redundancy.

Thank you for taking the time to offer limited assistance.

Sincerely and Respectfully,

5/4/2019

Linda Penkul BA M.Sc. Homeland Security CERT (PCP)
38 New Bridge Rd.
Lebanon Maine, 04027
5/4/2019 @ 2:41 pm

4/19/2019

## CONFIDENTIAL

### Political Criminal Threatening as an Extenuating Circumstance and Motive

To whom it may concern,

To the Justices, Judges and attorneys of the following organizations.

The Alfred Maine Superior Court

The Portland Maine Federal District Court

The US District Court for Washington D.C.

The U.S Department of Education

Attorneys Libby, O'Brien, Kingsley & Champion

**Disclosure of this information is confidential and may not be released to the public under and circumstances.**

Enclosed are copies of three interrelated cases all culminating at the same time. It is in

my opinion this is a concerted effort to defame my education, remove my means of stability,

both financially and physically and to defraud the United States in not only the educational

forum by financially and physically altering public records, but to also defraud in the political

forum in misrepresenting my association s to my political heritage as the great niece of Ulysses

S. Grant and other members of his ancestral political heritable and blood line mentioned in the

Washington Federal District court case No. 1:19-cv-00703-UNA.

Because I have been unable to secure a hearing during normal hours of operation on the local

and state levels thus far, I do not feel safe attending a hearing where I have been placed last, at

the end of the day, and at the bottom of the list. There fore it is my duty to inform the court that

my case is not completed by 3:40 pm on May 9th 2019, I will be leaving the courthouse and

filing an appeal with the Maine Supreme court.

RECEIVED
Mail Room
MAY 20 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia


RECEIVED
Mail Room
APR 2 3 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## URGENT

I urge each organization and the party's attorneys to closely examine the issues related to political obstructionism as it related to the possibility of criminal threatening and political threatening and consider the evidence within this correspondence, the cases attached (3) as it relates to an outcome and to future litigation.

In 2018, I learned my 2015 through 2017 tax returns had been deleted, at that time I also learned my transcripts had not been acknowledged and the Federal Student Aid office attempted to delete my education. In the United States Department of Homeland Security's Certification program, my transcripts were also deleted.

Exhibits:

1. York Country hearing notice
2. Maine Federal district court case verification letter
3. Washington District court verification letter
4 Death certicate July 4th 1964, Alexander R. Penkul (my grandfather)
5 Death certificates August 16th 2014 (Michael Matarazzo, my ex-husband signed by Alexander R. Red Eagle)

The request I am making today, and the evidence to support it, is a matter of immediate safety.

Please respect the "confidentiality" assessment I have made.

I certify under the pains and penalties of perjury that I have sent a copy of this letter to the parties listed below on 4/19/2019 by certified U.S. Postal Mail.

Thank you,
Sincerely and Respectfully,      4/19/2019
Linda Penkul 4/19/2019 @ 9:09 am
Bachelor of Arts degree in Social Ethics and the Law (2014)
Master of Science degree in leadership with a Legal concentration (2017)
United States Department of Homeland Security CERT: Community Emergency Response Team
Certification Program (2018-2019)

RE: Political criminal threatening as an extenuating circumstance and motive

Cc:

The Alfred Maine Superior Court
The Portland Maine Federal District Court
The US District Court for Washington D.C.
The U.S Department of Education
Attorneys Libby, O'Brien, Kingsley & Champion

PENKUL v. DEPARTMENT OF EDUCATION
Assigned to: Unassigned
Cause: 42:1983 Civil Rights Act

Date Filed: 03/11/2019
Jury Demand: None
Nature of Suit: 899 Administrative
Procedure Act/Review or Appeal of Agency
Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

LINDA MARIE PENKUL

represented by **LINDA MARIE PENKUL**
38 New Bridge Rd.
Lebanon, ME 04027
PRO SE

V.

**Defendant**

DEPARTMENT OF EDUCATION
*Federal Student Aid*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2019 | | **Initiating Pleading & IFP Application Received on 03/11/2019.** A copy of the docket sheet has been mailed to the address of record for the pro se party. (zsb) (Entered: 03/20/2019) |

# The Commonwealth Of Massachusetts
## City Of Lynn
## Office Of The City Clerk

The following is a copy from the Records of Deaths, in said city:

Name   ALEXANDER R. PENKUL                         Date of Death   JULY 4, 1964

Age   57   Years   6   Months   10   Days   Sex   MALE   Color   WHITE   Condition   MARRIED

Last Spouse   ----                  Decedent's Maiden Name   ----          If Veteran   ----
              If wife, give maiden name

Disease or cause of Death   CORONARY OCCLUSION, DIABETIC

| | | |
|---|---|---|
| Residence   108 COTTAGE STREET | Occupation | BARBER |
| Place of Death   LYNN HOSPITAL | Place of Birth | POLAND |
| Name of Father   JULIAN PENKUL | Place of Birth | POLAND |
| Name of Mother   KAROLINA MAJEWSKA | Place of Birth | POLAND |
|                  Maiden Name | | |

Type and Place of Disposition   ST. MARY'S

Date of Record   JULY 13, 1964

By whom Registered   MARY E. FARRELL                                   City Clerk

I, Janet L. Rowe, depose and say, that I hold the office of City Clerk, of the City of Lynn, in the County of Essex and Commonwealth of Massachusetts; that the Records of Births, Marriages and Deaths, in said City, are in my custody, and that the above is a true extract from the Records of Deaths in said City, as certified by me.

WITNESS my hand and the seal of the said City of Lynn,

                                        *Janet L. Rowe*                City Clerk

this   24ᵗʰ   day of   December,   20   18

NOTE: By a decision of the Commissioner of Pensions, December 6, 1864, the Certificate need not be sworn. The seal of a city is sufficient without further attestation.

# COUNTY of SANTA CLARA
## SAN JOSE, CALIFORNIA

CERTIFICATE OF DEATH
STATE OF CALIFORNIA

3201443006695

STATE FILE NUMBER                                    LOCAL REGISTRATION NUMBER

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| MICHAEL | RICHARD | MATARAZZO |

| AKA, ALSO KNOWN AS—Include full AKA (FIRST, MIDDLE, LAST) | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs | 6. SEX |
|---|---|---|---|
| | 11/08/1965 | 48 | M |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| MA | 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 | YES [X] NO | MARRIED | 08/16/2014 | 2028 |

| 13. EDUCATION | 14/15. WAS DECEDENT HISPANIC/LATINO/SPANISH? | 16. DECEDENT'S RACE |
|---|---|---|
| SOME COLLEGE | YES [X] NO | ITALIAN, CAUCASIAN |

| 17. USUAL OCCUPATION | 18. KIND OF BUSINESS OR INDUSTRY | 19. YEARS IN OCCUPATION |
|---|---|---|
| BODY BUILDER | BODY BUILDING | 13 |

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 573 MANN AVE. |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| OAKDALE | STANISLAUS | 95361 | 13 | CA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS |
|---|---|
| LACEY MATARAZZO, WIFE | 573 MANN AVE., OAKDALE, CA 95361 |

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| LACEY | MARIE | PORTER |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| MICHAEL | S. | MATARAZZO | MA |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| MARY | L. | DIROCCO | MA |

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 08/21/2014 | RES: MARY MATARAZZO 36 GOVERNOR WINTHROP RD., SOMERVILLE, MA 02145 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CR/TR/RES | NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| EATON FAMILY FUNERAL SERVICE | FD1635 | SARA H CODY, MD | 08/21/2014 |

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| STANFORD HOSPITAL | [X] IP ER/OP DOA | Hospice Nursing Home/LTC Decedent's Home Other |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| SANTA CLARA | 300 PASTEUR DR | STANFORD |

| 107. CAUSE OF DEATH | | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | (A) COMPLICATIONS OF ISCHEMIC CARDIOMYOPATHY | 2 WKS | YES [X] NO |
| Sequentially, list conditions, if any, leading to cause listed on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | (B) CORONARY ARTERY DISEASE | YRS | 109. BIOPSY PERFORMED? YES [X] NO |
| | (C) | | 110. AUTOPSY PERFORMED? YES [X] NO |
| | (D) | | 111. USED IN DETERMINING CAUSE? YES NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| SEPTIC SHOCK, CARDIOGENIC SHOCK, THYROID STORM |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| 08/08/2014 THYROIDECTOMY FOR THYROID STORM | YES NO UNK |

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 116. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since | Decedent Last Seen Alive | ALEXANDER R. RED EAGLE M.D. | A126723 | 08/21/2014 |
| 08/02/2014 | 08/16/2014 | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE: DIPAJAN BANERJEE M.D. 300 PASTEUR DR., STANFORD, CA 94306 | | |

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|
| MANNER OF DEATH: Natural Accident Homicide Suicide Pending Investigation Could not be determined | YES NO UNK | |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|

| 125. LOCATION OF INJURY (Street and number or location, and city, and zip) |
|---|

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH. | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|

*R1842215*

**CERTIFIED COPY OF VITAL RECORDS**
STATE OF CALIFORNIA, COUNTY OF SANTA CLARA
This is a true and exact reproduction of the document
officially registered and placed on file in the Office of the
Santa Clara County Clerk-Recorder.

*REGINA ALCOMENDRAS,*
COUNTY CLERK-RECORDER

DATE ISSUED    DEC 06 2016

4/19/2019

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the County Clerk.
PINCO (Rev) 03/16

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

APR 2 6 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| LINDA MARIE PENKUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:19-cv-00703 (UNA) |
| | ) | |
| DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiff's motion to withdraw motion to seal case [5] is **GRANTED**, and it is further

**ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [2] is **GRANTED**, and it is further

**ORDERED** that the complaint [1] and this civil action are **DISMISSED** without prejudice, and it is further

**ORDERED** that plaintiff's motion to request formal establishment of factual publication [4] is **DENIED** as moot.

This is a final appealable Order. *See* Fed. R. App. P. 4(a).

**SO ORDERED.**

United States District Judge

Date:   April_____, 2019

4

FILED

APR 2 6 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

LINDA MARIE PENKUL,         )
         )
         Plaintiff,         )
         )
         v.         )         Civil Action No.: 1:19-cv-00703 (UNA)
         )
DEPARTMENT OF EDUCATION,         )
         )
         Defendant.         )

### MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed her complaint in this matter on March 11, 2019, along with an accompanying motion for leave to proceed *in forma pauperis* ("IFP"), and motion to seal case. On March 29, 2019, the Court denied plaintiff's motion to seal case, instructing plaintiff to indicate her intention to proceed with filing on the public docket. On April 4, 2019, plaintiff expressed such intent, filing a motion to withdraw her motion to seal case, which will be granted. The Court also grants plaintiff's motion to proceed IFP and will now turn to the complaint. Plaintiff's complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and will be dismissed. She has also filed a separate motion to request formal establishment of factual publication (also contained within the complaint), which will be denied as moot.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d

1

661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff sues the Department of Education. She does not provide an actual written complaint, instead, she provides sparse template information and relies on her motion to request formal establishment of factual publication, as well as a litany of exhibits. Plaintiff alleges "professional negligence and educational malpractice." However, she does not seek monetary damages or make allegations under the Federal Tort Claims Act, 28 U.S.C. § 1346, rather, she requests as relief, "credibility [and] accuracy of information." Plaintiff alleges that the information regarding her educational history is documented incorrectly on the Federal Student Aid website. She seems to equate this alleged misinformation to a potential existing political conspiracy, personal to her.

The crux of this matter appears to be plaintiff's intentions to have her information corrected on the website. Nonetheless, plaintiff fails to make out any potentially relevant cause of action with any supporting facts relating thereto. For instance, she neither alleges that she has made any requests pursuant to the Privacy Act, 5 U.S.C. § 552a, nor does she identify any formal or specific agency decision that she may seek to appeal under the Administrative Procedures Act, 5 U.S.C. ch. 5, subch. I § 500, *et seq.*

The instant complaint, as currently pled, lacks discernible claims, and fails to establish a jurisdictional basis, and thus will be dismissed without prejudice. Plaintiff's motion to request

2

formal establishment of factual publication is denied as moot.  Should plaintiff elect to file anew, the Court expects all deficiencies to be remedied. An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

Date:  April ____, 2019

3